Chris De Tienne, Plaintiff, v. S. N. Nielsen Company (Defendant-Third Party Plaintiff) Appellee-Cross Appellant, v. Gateway Erectors, Inc. (Third Party Defendant) Appellant-Cross Appellee.
Michael O'Shaughnessey, Plaintiff, v. S. N. Nielsen Company (Defendant-Third Party Plaintiff) Appellee-Cross Appellant, v. Gateway Erectors, Inc. (Third Party Defendant) Appellant-Cross Appellee.

Gen. Nos. 48,945, 48,946.

First District, Third Division.

November 27, 1963.

231

Albert M. Howard, of Chicago (Norton Wasserman, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Forrest L. Tozer and Richard E. Mueller, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This appeal arises from two third party complaints brought by S. N. Nielsen Company, a general contractor, against Gateway Erectors, Inc., a subcontractor. Nielsen was sued by Michael O'Shaughnessey and Chris De Tienne, employees of Gateway, for personal injuries received by them while working on a housing project for which Nielsen was the general contractor. Nielsen settled both claims and sought reimbursement from Gateway. The cases were consolidated and submitted to the trial court upon a stipulation of facts. Judgment was entered for Nielsen and Gateway appealed. Nielsen has cross-appealed because of the denial of interest on the payments it made.

The case centers around the construction of an indemnity provision in the contract entered into

by the parties. Contracts for indemnification are enforcible in Illinois, including contracts in which one party takes over responsibility for another's negligence. These latter agreements, however, are carefully scrutinized and strictly construed; they must clearly show the intention of one party to protect itself from claims arising from its own acts of negligence and the intention of the other to assume these obligations. Westinghouse Elec. Elevator Co. v. La Salle Monroe Bldg. Corp., 395 Ill 429, 70 NE2d 604; Meeks v. George A. Fuller Co., 40 Ill App2d 172, 189 NE2d 387; Northern States Co. v. A. Finkl & Sons Co., 8 Ill App2d 419, 132 NE2d 59; Russell v. Shell Oil Co., 339 Ill App 168, 89 NE2d 415.

The parties in this case stipulated that O'Shaughnessey and De Tienne were injured while working under the sole supervision of Gateway, but that their injuries were caused by the negligent acts or omissions of Nielsen's employees over whom Gateway had no control. The principal issue is whether, under these circumstances, the contract obligates Gateway to indemnify Nielsen. The following is the pertinent portion of the contract, and the crux of the issue is the interpretation to be given the words "occasioned by" which appear therein:

> "The Subcontractor shall indemnify and save the Owner, Architect and General Contractor harmless against any and all claims for damages to persons, caused directly or indirectly or occasioned by the execution of the work included in this order. . . ."

The rules of construction pertaining to indemnity contracts are well stated in Gay v. S. N. Nielsen Co., 18 Ill App2d 368, 152 NE2d 468:

> "An indemnity contract or contract provision is to be construed like any other contract, and the

233

primary rule of construction is to seek to ascertain the intention of the parties as revealed by an examination of the entire contract. . . . Unless a contract is ambiguous, its meaning must be determined from the words used . . . ; and in construing a contract which purports on its face to be a complete expression of the entire agreement, courts will not add thereto another term about which the agreement is silent. . . . Courts are not authorized to make contracts for the parties but must construe them as written. A contract must be given a fair and reasonable interpretation, and from the entire contract, as expressed in the language used and considered in the light of the circumstances under which it was made, the court must ascertain the intent of the parties. . . .

. . . .

"A contract is to be construed as a whole, given meaning and effect to every provision and word, if possible, since it will be presumed that everything in the contract was inserted deliberately and for a purpose. . . ."

When we apply the rule that in construing a contract it is to be presumed that "everything in the contract was inserted deliberately and for a purpose," the words "occasioned by" in the indemnity provision take on increased importance. The word "occasioned" has more than one meaning. One is to cause or to bring about; the other is to furnish an opportunity or ground for. Webster's New International Dictionary, 2nd ed (1957); Webster's New World Dictionary, College Edition (1959). The difference in the two meanings is expressed this way in Webster's New International Dictionary, 2nd ed (1949): "The *cause* of an effect is that which actually produces it or brings

it about; the *occasion* is that which, either directly or indirectly, provides an opportunity for the causal agencies to act or serves to set them in motion. . . ." The same distinction has been made by courts of review. It has frequently been stated, in defining proximate cause, that the cause of an injury is that which actually produces it, while the occasion is that which provides opportunity for causal agencies to work. Merlo v. Public Service Co. of Northern Illinois, 381 Ill 300, 45 NE2d 665; Illinois Cent. R. Co. v. Oswald, 338 Ill 270, 170 NE 247; Van Hoorebecke v. Iowa Illinois Gas & Electric Co., 324 Ill App 88, 57 NE2d 652.

The purpose of including the word "occasioned" in the indemnity provision must have been to give effect to its alternative meaning: that of providing an opportunity for the causal agencies to act. Gateway agreed to hold Nielsen harmless against all claims for damages to persons "caused directly, or indirectly or occasioned by the execution" of Gateway's work. If the first two agreements were intended to be the extent of its undertaking, if its undertaking was to be limited to only what actually produced injuries and nothing more, why did the provision not stop there? Why were the words "or occasioned by" added? They were not used in another portion of the contract, the one dealing with property damage. There Gateway agreed to save Nielsen harmless from damage claims caused *directly* or *indirectly* by itself, its subcontractors, its employees and agents, arising out of or caused by the execution of its work. The omission of the words in the provision relating to property damage and their inclusion in the provision relating to personal injury underscores their significance. Gateway suggests that the words are a mere redundancy. We all acknowledge that lawyers indulge in redundancies (lawyers jest about it themselves:

235

"Legal Prose," CBA Christmas Spirits, 1962) but we cannot treat these words, used as they are in an ever-broadening sequence of responsibility, as redundant. In the context in which they appear there is definite progression through three levels of accountability. Gateway first agreed to assume full responsibility for injuries caused directly by its work; it next agreed to assume full responsibility for injuries caused indirectly by its work and it then agreed to assume full responsibility for injuries for which the execution of its work presented a stage upon which causal agencies could act.

The injuries to O'Shaughnessey and De Tienne, although caused by Nielsen's negligence, came within this last responsibility. Their injuries were occasioned by their being on the job, doing the work called for by Gateway's contract. Unless they were working for Gateway there would have been no opportunity for their injuries to have taken place.

Any large construction project involves the simultaneous work of many subcontractors. The workmen employed by contractors and subcontractors necessarily labor in conjunction with or close to one another. The risk of injury is constant. It is not uncommon, particularly in complex structures and highrise buildings, for the contractor and the subcontractors, and the owner too, to apportion the risk among themselves. In this case the apportionment contemplated that Nielsen would hold the Chicago Housing Authority harmless from claims for personal injuries arising from its operations (it had made such an indemnification agreement with the Authority) and that Gateway would hold Nielsen harmless against claims for injuries caused or occasioned by its operations. The latter apportionment was the intention of the parties at the time the contract was entered into and was

236

expressed in explicit language in the indemnity provision. It is Gateway's obligation to reimburse Nielsen.

■ Nielsen has cross-appealed from the denial of interest on the settlements it made with O'Shaughnessey and De Tienne and on its attorney fees and expenses. It argues that interest should be paid from the dates of the settlements. The statute (Ill Rev Stats 1961, c 74, § 2) does not provide for interest under the circumstances of this case. At the time the voluntary settlements were made (it is stipulated that they were conducted in good faith by competent attorneys, but it was not stipulated and has never been admitted that the settlements, attorneys' fees and expenses were fair or reasonable) there was a bona fide controversy between the parties. The payments did not liquidate Nielsen's claim nor Gateway's obligation. This obligation became final when judgment was entered by the trial court, not before.

The judgment of the Superior Court entered on the third party complaints is affirmed. The judgment of the court in denying interest on the settlements made by Nielsen is also affirmed.

Affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.