Lawrence D. Swidler, Plaintiff-Appellant, v. Thomas H. Litvin, and Chicago Title & Trust Company, as Escrowee Under Escrow Agreement Dated June 13, 1967, and Known as Escrow No. 303906, Defendants-Appellees.

Gen. No. 52,805.

First District, First Division.

March 17, 1969.

Rehearing denied May 9, 1969.

Swidler, Patt & Swidler, of Chicago, for appellant.

Arvey, Hodes & Mantynband, of Chicago (Morrie Much and Allen H. Dropkin, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This is an action by the plaintiff, a prospective purchaser of real estate, to recover earnest money deposited with an escrowee, pursuant to the terms of a written Escrow Agreement, on the ground that the contract of sale was oral and therefore unenforceable under the Statute of Frauds. The trial court granted defendant-seller's motion for Judgment on the Pleadings, and plaintiff has appealed to this court. The sole issue we are confronted with is whether the trial court properly granted such motion.

On June 11, 1967, plaintiff, as purchaser, and Thomas H. Litvin, defendant, as seller, negotiated an oral agreement for the purchase and sale of a single-family residence and certain personal property within said residence for an aggregate price of $65,000. Two days later, on June 13, 1967, the parties entered into a written Escrow Agreement with the Chicago Title and Trust Company, as escrowee, to consummate the transaction. The Escrow Agreement was signed by the plaintiff and, in the presence of the defendant, by the attorneys for defendant on his behalf. Plaintiff deposited $6,500 in the escrow in accordance with the terms of the Escrow Agreement; the balance of $58,500 was to be deposited by July 20, 1967, under a separate mortgage escrow.

The Escrow Agreement names the parties, describes the property to be conveyed, states the total amount of consideration and how and when it is to be paid, and in addition to other matters, expressly states that if the buyer (plaintiff) fails to make payments as required, then the escrowee, upon seller's demand, shall give buyer five days written notice to cure any default, and failing such cure, the escrowee was instructed to pay the earnest

money deposit to seller. The Escrow Agreement does not recite that it contains the terms of the oral agreement concerning the real estate purchase, nor does the Escrow Agreement state that the entire purchase was contingent upon the buyer obtaining satisfactory financing, and in the event of failure to secure financing that all monies would be refunded.

The plaintiff states that on July 1, 1967, he determined that the mortgage financing to consummate the purchase was not available to him and he thereupon notified the seller that he (plaintiff) could not obtain the required financing, and therefore had elected to rescind the transaction. The defendant-seller denies that the proposed purchase of property was contingent upon the plaintiff obtaining satisfactory financing and that notice of the election to rescind was given to him.

Plaintiff failed to deposit the balance due into escrow by July 20, 1967, and as a result, demand was made by the seller to the escrowee that same day, to serve notice upon the buyer. The escrowee served the requisite five-day notice upon the buyer on July 21, 1967, but the buyer failed to make any further deposits, and in turn insisted that financing was not made available to him and that he (plaintiff) elected to rescind the oral agreement and requested that his deposit be returned to him. Upon refusal of the defendant to return plaintiff's deposit, suit was instituted on July 19, 1967, one day prior to the specified date set forth in the Escrow Agreement for deposit of the balance due, for rescission of the oral agreement by virtue of the Statute of Frauds, and for return of plaintiff's deposit. Defendant, Thomas H. Litvin, filed an answer to the complaint, wherein he stated that the oral agreement between the parties was reduced to writing in the form of an Escrow Agreement, signed by him, through his attorneys, and the plaintiff; that the Escrow Agreement contains all the terms of the oral agreement; that no contingency for lack of fi-

nancing was agreed upon; and that plaintiff is in default pursuant to the terms of the Escrow Agreement.

Subsequently, defendant, Litvin, filed a motion for judgment on the pleadings, supported by a written memorandum whereupon plaintiff also filed a motion for the identical relief and supported his position with a written memorandum. The court, after considering the pleadings, memoranda and arguments of counsel, ordered that the motion of the defendant, Thomas H. Litvin, for judgment on the pleadings be granted and that the motion of the plaintiff for judgment on the pleadings be denied, that judgment be entered in favor of defendants and against plaintiff and that plaintiff's cause of action is hereby dismissed for want of equity.

■ Section 45(5) of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 45(5)), provides that any party may seasonably move for judgment on the pleadings. After the motion is made, the court must examine the pleadings to determine if a factual issue exists or if the matter can be resolved solely as a matter of law. Bleck v. Cosgrove, 32 Ill App2d 267, 177 NE2d 647 (1962); Tompkins v. France, 21 Ill App2d 227, 157 NE2d 799 (1959). A motion for judgment on the pleadings raises the question of whether there is any issue of material facts presented by the pleadings and, if there is no such issue, the question as to which party is entitled to judgment. In the case at bar, there is no dispute that the buyer and seller entered into an oral agreement for the sale of real estate, but there is an important question as to the terms of that oral agreement, and whether or not those terms were incorporated into the Escrow Agreement.

■ ■ It is well settled that the court may consider only those allegations contained in the motion for judgment on the pleadings which are admitted by the other party. A. A. Erickson Bros. v. Jenkins, 41 Ill App2d 180, 190 NE2d 383 (1963); Dryz v. Bol, 19 Ill App2d 406, 153

230

NE2d 859 (1958). But where the pleadings put in issue one or more material facts, evidence must then be taken to resolve such issue or issues of fact, and a judgment may not be entered on the pleadings. Thillens, Inc. v. Hodge, 2 Ill2d 45, 116 NE2d 886 (1954); Minor v. Universal C.I.T. Credit Corp., 27 Ill App2d 330, 170 NE2d 5 (1960). In the instant case, all terms and covenants of the oral agreement were not determined, and each party alleges a slightly different version as to what terms were agreed upon. It is a fair inference from the plaintiff's pleadings that he anticipated obtaining a mortgage to consummate the transaction, and the Escrow Agreement recites this fact. Yet, whether all the terms agreed upon were actually incorporated in the Escrow Agreement is questionable since the standard form Escrow Agreement utilized makes no mention that the terms of the contract between the parties has been incorporated into it. The Escrow Agreement sets forth the procedure to be followed in consummating the transaction and recites:

> "The parties have heretofore entered into an agreement for the sale of the premises described herein."

Under the facts of this case, a judgment on the pleadings was not appropriate in any event. Since the defendant's answer adequately raises an issue of fact as to what was agreed to by the parties in their oral agreement, the judgment of the trial court is reversed and the cause remanded with directions to overrule defendant's motion for judgment on the pleadings and for further proceedings herein on the merits of the issues thus raised.

Judgment reversed with directions.

MURPHY and SULLIVAN, JJ., concur.