(No. 41240.—

Sonya Schek, Conservator, Appellee, *vs.* Chicago Transit Authority, Appellant.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

Heineke, Conklin & Schrader, of Chicago, (William H. Schrader and Richard T. Sikes, of counsel,) for appellant.

Leo S. Karlin, Daniel Karlin, and Jerome H. Torshen, all of Chicago, for appellee.

Mr. Justice House delivered the opinion of the court:

This action was brought by the plaintiff on behalf of her ward, Oscar Schek, to recover damages for injuries sustained when the ward was struck by a train operated by the defendant, Chicago Transit Authority. Schek operated a

newsstand located on defendant's subway premises under an agreement with Union News Company (Union) which had a written agreement with the defendant authorizing Union to maintain newsstands at various locations upon the defendant's premises.

The agreements between the defendant and Union and between Union and Schek contained indemnity or exculpatory clauses. The sole issue is whether these clauses shield the defendant from liability for the injuries sustained by Schek. The trial court granted defendant's motion to dismiss, but this ruling was reversed by the Appellate Court, First District, (91 Ill. App. 2d 71,) and the cause was remanded to proceed to trial. We granted leave to appeal.

The agreement between Union and the Chicago Transit Authority provided that: "Company shall indemnify and hold harmless Authority by insurance coverage in amounts and with a company or companies satisfactory to Authority, against all loss and against all suits, actions, claims, liability, judgments for damages, costs and expenses arising from the sale of merchandise hereunder and * * *." The agreement between Schek and Union provided that: "Licensee hereby assumes all risk of and liability for loss or damage to property owned by Licensee or third persons, and any injury to or death of any persons (including Licensee), by reason of the condition or operation of said newsstand, and Licensee shall indemnify and save harmless Licensor and Chicago Transit Authority from all claims for any such loss, damage, injury or death, whether caused by the negligence of Licensor, Chicago Transit Authority, their agents or employees, or otherwise."

Contracts, such as the above, indemnifying another against losses caused by his own negligence were formerly held to be unenforceable as against public policy. (See 27 Am. Jur. Indemnity, sec. 9.) Today, however, nearly all modern case law upholds such agreements, at least when the indemnitee's conduct is not characterized as gross negli-

gence or willful misconduct. (Cases are collected at Anno. 175 A.L.R. 8 (1947), and supplements thereto.) The cases generally assert an interpretational preference against holding that an ambiguous indemnification clause includes losses caused by the indemnitee's own negligence. Some jurisdictions appear to require that the indemnity clause state in unequivocal language an intent to cover the consequences of the indemnitee's own negligence while others show little evidence of such a preference.

The Appellate Court, in its opinion, held that the language of the indemnity clause in the agreement between Schek and Union was not clear and unequivocal and when strictly construed could not be asserted as a bar to the plaintiff's cause of action. We cannot agree with this construction or the resulting decision.

The primary object in construing a contract is to give effect to the intention of the parties involved. Their intent must be determined solely from the language used when no ambiguity in its terms exists, and a strict construction of that language which reaches a different result from that intended by the parties should not be adopted. *Schiro* v. *Gould & Co.*, 18 Ill.2d 538.

The language of the agreement between Union and Schek provided that Schek would indemnify the defendant for any injury to or death of anyone, including Schek, by reason of the condition or operation of the newsstand. The Appellate Court narrowly construed the language of the agreement and held that Schek's assumption of risk was limited to injuries which occurred in or at the newsstand operated by him. We are of the opinion that the Appellate Court erred in so holding. Under the agreement, indemnification is not limited to injuries that occur in a certain geographical area, but rather it is based upon and determined by the indemnitor's conduct at the time of injury.

. The plaintiff, in answering interrogatories submitted by the defendant, stated that Schek was engaged in the general

operation of his business when the injury occurred. It is also established by the plaintiff's complaint and sworn responses to interrogatories that Schek was injured while standing near his newsstand during his usual working hours. Therefore, it is evident that Schek was engaged in the operation of his newsstand when injured and that this injury occurred by reason of that operation.

The plaintiff also asserts that the act of 1959 (Ill. Rev. Stat. 1967, ch. 80, par. 15a), which declares that exculpatory clauses in leases are void and unenforceable, expresses the public policy of our State. The provisions in the Schek agreement have some of the characteristics of both exculpation and indemnity. It is unnecessary to determine whether the clause involved is one of exculpation or indemnification since the statute was declared unconstitutional in *Sweney Gasoline & Oil Co.* v. *Toledo, Peoria & Western Railroad Co., ante,* at p. 265, also adopted at this term. The *Sweney* holding reaffirmed *O'Callaghan* v. *Waller & Beckwith,* 15 Ill.2d 436, in which we held that exculpatory clauses in leases were enforceable and not against public policy.

The judgment of the Appellate Court, First District, is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*