**Raymond Jeschke, Plaintiff, v. Mercury Builders, Inc., Defendant.**

**Mercury Builders, Inc., Third-Party Plaintiff-Appellee, v. Brule Incinerator Corporation, Third-Party Defendant-Appellant.**

Gen. No. 52,085.

First District, Fourth Division.

March 25, 1970.

Price, Noetzel, Schlager & Burgeson, of Chicago (William J. Thomas, of counsel), for appellant.

Joseph A. Bailey and Jerome H. Torshen, of Chicago, for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Third-party defendant Brule Incinerator Corporation appeals from a judgment entered on the pleadings grant-

ing third-party plaintiff Mercury Builders indemnification for damages awarded in the primary suit amounting to $4,500, plus attorneys' fees and costs.

Mercury, as general contractor for the Chicago Housing Authority on a construction job, subcontracted installation of incinerators and boiler stacks to Brule. The pertinent provision of the subcontract provides:

> "Article 9: The Subcontractor hereby agrees to indemnify and deem harmless the Contractor against all liability, claims, judgments or demands for damages arising from accidents to persons or property occasioned by the Subcontractor, his agents or employees, and against all claims or demands for damages arising from accidents to the Subcontractor, his agents or employees, whether occasioned by said Subcontractor or his employees or by agents or employees of agents; and the said Subcontractor will defend any and all suits that may be brought against the Contractor on account of any such accidents and will reimburse the Contractor for any expenditures that said Contractor may make by reason of such accidents."

Plaintiff Raymond Jeschke was an employee of Brule and was engaged on the work under the Mercury-Brule subcontract. On March 21, 1963, plaintiff was loading materials and tools onto a material hoist at the job site when the operator caused the hoist to move abruptly. Plaintiff stumbled and struck his knee against a protruding bolt on the frame of the hoist causing injury. The hoist had been rented and erected by Mercury and the operator was an employee of Mercury who filed a third-party indemnification action against Brule. Before determination of the primary cause Mercury was awarded a judgment on the pleadings against Brule as to liability. Subsequently, judgment was entered for plaintiff against Mercury for $4,500. Judgment was then

entered in favor of Mercury on its third-party claim against Brule for $4,500, plus attorneys' fees and costs. Brule appeals.

Brule maintains that the trial court erred in granting Mercury a judgment on the pleadings based upon the express indemnity provisions of the subcontract. It is Brule's contention that the provision does not evince an intention to indemnify Mercury for its own negligence.

OPINION

■■■ In construing an indemnification agreement the court is bound to give effect to the intention of the patries determined solely from the language used when no ambiguity exists. Schek v. Chicago Transit Authority, 42 Ill2d 362, 247 NE2d 886 (1969). A strict construction should not be adopted where to do so would reach a different result. Schiro v. W. E. Gould & Co., 18 Ill2d 538, 165 NE2d 286 (1960). Where an ambiguity does exist, the court will construe the contract most strictly against the party seeking indemnity for his own negligence. Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp., 395 Ill 429, 70 NE2d 604 (1946). For an ambiguity to exist, the meaning of the word or words must be susceptible to more than one meaning as read in context of the entire contract.

In De Tienne v. S. N. Nielsen Co., 45 Ill App2d 231, 195 NE2d 240 (1963) the pertinent provision of the indemnity agreement provided:

> "The Subcontractor shall indemnify and save the Owner, Architect and General Contractor harmless against any and all claims for damages to persons, caused directly or indirectly or occasioned by the execution of the work included in this order. . . ."

The court noted that the word "occasioned" has two meanings, one to cause or bring about; the other to furnish an opportunity or ground for. In determining which meaning the parties intended, the court noted that

if the prior definition were applied, the phrase "occasioned by the execution of the work" would have no meaning, but if the latter definition were used, three levels of progressive accountability would be expressed. Since only the latter definition, that of furnishing an opportunity or ground for, gave force and effect to the words, the court concluded that the intention of the parties was to expand liability beyond claims for damages caused by the subcontractor. The facts in the present case are similar to those in De Tienne. The dispute in this case centers on the meaning of "whether occasioned by said Subcontractor or his employees or by agents or employees of agents."

"Article 9" of the subcontract encompasses two categories of accountability defined in terms of the identities of the injured parties claiming damages. The first category is "accidents to persons or property"; the second is "accidents to the Subcontractor, his agents, or employees." The first, as conditioned by the latter, renders the Subcontractor liable for accidents to all others, not including himself or his employees, while the second designates them as a separate class. The phrase "occasioned by the Subcontractor" appears in both categories. It is, therefore, reasonable to assume that the parties intend both phrases to have the same meaning.

■■ In both categories the level of accountability is first defined in terms of "all liability . . ." and conditioned by the phrases "occasioned by" and "whether occasioned by." Since the latter category utilizes "whether" in preceding "occasioned by," we assume the drafters intended to differentiate the applicability of the phrases. Brule contends that the word "whether" is ambiguous as a matter of law since the trial court adopted a different definition from that urged by Brule. However, Brule overlooks the fact that an ambiguous word can become unambiguous when read in context. The def-

465

inition asserted by Brule, that of "alternatives in a statement of choice," would make the word equally applicable in the first category if used, and since the drafters must have intended a different application we believe the trial court was correct in utilizing the alternative meaning, that of "whether or not." As read in context the clause then provides, "all claims or demands . . . for damages from accidents to the Subcontractor, his agents or employees, 'whether or not' occasioned by the said Subcontractor . . . ."

The trial court properly granted Mercury a judgment on the pleadings and the judgment is, therefore, affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.