COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* REX LOWER, *et al.*, Defendants-Appellants.

(No. 70-242;

Second District—October 18, 1971.

Petty & Kightlinger, of Mt. Carroll, for appellant.

Fearer & Nye, of Oregon, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The question raised is whether an issue of material fact was presented to the trial court in defendants' answer and affirmative defense to a

declaratory judgment action brought by an insurer and involving coverage under an insurance policy. The defendants contend that the court improperly granted plaintiff's motion for judgment on the pleadings because the pleadings placed material facts in issue. *Swidler v. Litvin,* 107 Ill.App.2d 227, 231.

On May 12, 1969, Rex Lower and Seth Yearington filed a complaint against Plains Cattle Company, Inc., hereinafter known as Plains Cattle, and its agent, Larry Neuschwanger, for damages to livestock placed by them with the defendant, Plains Cattle, under a verbal agreement for feeding in a feedlot owned by Plains Cattle and cared for by its agent, Neuschwanger. The complaint alleges that Neuschwanger, as agent for Plains Cattle, carelessly and negligently left gates connecting feedlots open so that plaintiff's herd escaped from their feeding lot into adjoining feedlots where they fed on unsuitable food. As a result of this, 11 cows died, 3 cows became sick and unmerchantable, 21 calves were lost and other damages were incurred.

On July 18, 1969, the plaintiff, Country Mutual Insurance Company, hereinafter referred to as Country Mutual, filed a complaint for declaratory judgment on an insurance policy issued to Plains Cattle and Neuschwanger, who are named as defendants together with Lower and Yearington. It is alleged that the defendants, Plains Cattle and Neuschwanger, tendered to Country Mutual the summons in the case brought against them by Lower and Yearington, and have made a demand upon this plaintiff to furnish them with a defense in said suit and to pay any judgment against them within the limits of the policy; that thereafter the plaintiff, Country Mutual, and the defendants entered into a non-waiver agreement pursuant to which Country Mutual retained counsel and is defending Plains Cattle and Neuschwanger in the Lower and Yearington suit against them, although said case has not been reached for trial. Country Mutual further denies that it afforded the coverage claimed under said policy, or is liable for any judgment that may be entered against the defendants, Plains Cattle and Neuschwanger, by reason of the acts of negligence attributed to Plains Cattle and its agent, Neuschwanger, because said policy contains an exclusion under Coverage B as follows:

"(1) To damage to or destruction of property owned, rented, operated, used by or in the care, custody or control of an Insured or his employees or any other person residing in an Insured's household."

Country Mutual also states in its complaint that it will be subjected to great expense if it is required to defend the suit; that it ought not to be required to furnish the defendants a defense or disclaim liability under the policy until a hearing can be had determining the rights and

liabilities of the plaintiff under the terms and provisions of the insurance policy, and that the plaintiffs in the original suit, Lower and Yearington, should be enjoined from prosecuting that suit until this suit is concluded. The complaint concludes with the statement that under Section 57.1, of the Civil Practice Act, the court is vested with the power to declare the rights and liabilities of the parties under the policy and prays that the court enter a declaratory judgment construing the insurance so as to determine that at the time of the alleged negligent feeding of the cattle, the defendants, Plains Cattle and Neuschwanger, were not covered by the policy of insurance by reason of the exclusions set forth in the policy. Thereafter, Lower and Yearington filed an answer denying that the policy did not afford coverage of any alleged wrongful acts by reason of the exclusion set forth under Coverage B. The defendant, Plains Cattle and Neuschwanger, answered the complaint, making the same denials as did Lower and Yearington in their answer and also set forth an affirmative defense as follows:

"1. That the Special Farmowner Policy [Exhibit A of Plaintiff's Complaint] issued to Plains Cattle Company, Inc. was a fraud on part of the Plaintiff in that said Plaintiff's duly authorized agent, Herschel W. Hopkins, represented that the abovementioned policy of insurance would include coverage for damage or destruction of property which is in the care, custody or control of the insured or his employees.

"2. That said representations were false in that the Plaintiff's policy of insurance, as issued to the Defendants, did not in fact provide the coverage which was represented."

and said defense concludes that as a result of this fraud on the part of the plaintiff that the defendants were damaged in that they believed they were protected by the insurance coverage and did not purchase insurance elsewhere. On December 3, 1969, Country Mutual filed a reply to the affirmative defense denying the allegation of fraud on the part of their alleged agent or that any representations were made as to coverage for damage or destruction of property which was in the care, custody or control of the insured or his employees. The reply also admits that the policy of insurance did not provide the coverage claimed by the insured.

On the same day, Country Mutual filed a motion to strike and dismiss from the affirmative defense the allegations of fraud, misrepresentation and inducement to the insureds to purchase the policy, and states that if those allegations are true, Plains Cattle and Neuschwanger would have to be found guilty under the original cause of action and be required to pay a judgment in order for them to have a cause of action based upon the fraud claimed against the agent of Country Mutual, or

that said defendants would have to file a third-party action, charging said fraud.

Country Mutual on December 3, 1969, also filed a motion for judgment on the pleadings because the affirmative defense states that the policy "did not in fact provide the coverage which was represented," and defendants, therefore, have admitted that the policy did not cover did not cover the claim in question. On January 23, 1970, the trial judge, on the motion for judgment on the pleadings filed a memorandum opinion stating that a material fact existed as to whether or not the agent misrepresented the policy provisions so that the matter could not be resolved as a matter of law. The court thereupon entered an order denying the motion.

However, on August 3, 1970, when the matter came on again to be heard upon the pleadings, including the complaint and motion for judgment, the court entered an order finding that the defendants, Plains Cattle and Neuschwanger, had admitted, by their answer and affirmative defense, that they do not have any coverage under the policy as to the incident involved and that by reason of the admissions, Country Mutual does not owe them a defense to the original cause of action and would not be liable for any judgment against them. The order released Country Mutual of any obligation to them by reason of the original action. Thus, it appears that although the court at first denied plaintiff's motion for judgment on the pleadings, the court thereafter reconsidered the earlier order and entered judgment on the pleadings in favor of the plaintiff. This appeal followed.

Rather than pleading in the alternative, it appears that defendants, as stated in paragraph 2 of their affirmative defense, have taken the position that the policy does not cover the loss in question but that false misrepresentations were made to them by an agent of the insurer as to what the policy would cover. Those defendants, Plains Cattle and Neuschwanger, thus have asserted the affirmative defense of fraud for the purpose of holding the plaintiff-insurer liable for the acts of its agent.

■■ Defendants contend that the holding in *Brosam v. Employer's Mut. Cas. Co.*, 61 Ill.App.2d 183, 197, should apply here, while the plaintiff contends that the holding in *Spence v. Washington Nat. Ins. Co.*, 320 Ill.App. 149, 155, should apply. In *Brosam*, the plaintiffs filed suit for reformation of a public liability insurance policy against the defendant, Employer's Mutual. The circuit court entered a decree which reformed the insurance policy to extend the liability coverage to property damage to horses in the care, custody and control of the insured (plaintiffs therein) for breeding purposes. The court also entered judgment in favor of the plaintiffs and against the insurance company for the amount

of a judgment that had been rendered against the plaintiffs for the death of a horse resulting from the negligence of the plaintiffs while the horse was in the care, custody and control of the plaintiffs for breeding purposes. The defendant-insurer therein, as the plaintiff-insurer in our case, claimed that the written insurance policy delivered to the insured controls the issues since it contained an exclusion of liability for damage to property in the care, custody and control of the insured. The complaint in that case also alleged that the defense of the suit against the insured was tendered to the insurance company and refused, thereby causing monetary damage to the insured to the extent of the cost of defending the suit. In *Brosam,* and here, the insurer argued that parol evidence is inadmissible to vary the terms of the written contract which is the policy of insurance. However, the court in *Brosam,* at page 189, stated:

"There is no doubt that parol evidence is admissible to show the real agreement between parties when a mistake has been made in the written contract and the evidence is for the purpose of making the contract conform to the original intent of the parties. Mahon v. State Farm Mut. Automobile Ins. Co., 36 Ill.App.2d 368 on 376, et seq., 184 N.E.2d 718, and cases there cited."

and pointed out that each case depends on the particular facts. The evidence in that case revealed that a Darrell Eaton was an agent of the defendant insurance company and was designated as an "authorized representative" in the policy the defendant-insurer contended was the whole contract. There was no evidence to the effect that Eaton was only a "soliciting agent." Plaintiffs' testimony was that Eaton said they could get a policy that would cover any horse they had in their custody or control. Further evidence was that the normal farm liability policy of the defendant-insurer covered the situation involved. There was no evidence to contradict this and it appears that all concerned thought the situation was covered. Upon considering this evidence and other evidence, the court stated at page 197:

"We hold that there was evidence from which the trial court could probably find that the defendant insurance company, through its authorized agents, held out to the plaintiffs that they were insured in reference to the specific situation in which the loss occurred, that there is no evidence whatsoever that such coverage was not normal or could not have been written or was not covered by the premium paid. The Circuit Court was justified, from the evidence, in finding that the policy as written did not express the intent of the parties and should be reformed as provided in the decree."

The *Spence* case relied upon by the plaintiff-insurer, in our case, is

referred to in the *Brosam* case, but the court concluded that in considering the general legal principles for which the *Spence* and other cases were cited, it was still necessary to examine the evidence in the record to determine whether those principles applied to the factual situation before the court. The facts of the *Spence* case reveal that the insurance agent involved was not the "authorized representative" of the insurance company but, rather, was a "soliciting agent," who was not an agent of the insurer or its employee. Thus, the factual situation involved in *Spence* is entirely different than the factual situation involved in *Brosam.* Both of those cases were decided after a full evidentiary hearing, while our case is before us on the pleadings only. The affirmative defense herein presents a factual question which can only be resolved by a trial on the merits. That trial will reveal whether the policy contains the real agreement by the parties thereto or whether the contract should be reformed to correspond to the original intent of the parties.

The plaintiff insurance company herein has conceded in its motion to strike and dismiss that if the allegations of the affirmative defense were true; and if Plains Cattle and Neuschwanger, its agent, were found guilty under the original cause of action and thereby required to pay the judgment, then the insureds would have a cause of action based upon the fraud and misrepresentation claimed in the affirmative defense against the agent of the plaintiff, Herschel Hopkins, or could file a third-party action based upon those charges.

We do not believe that the insured would have to defend themselves at their own expense in the original action and wait for a judgment to be entered against them, if one is entered, before beginning a lawsuit against the insurer for a reformation of the policy of insurance. The Illinois Civil Practice Act provides for the resolution of all disputes between the parties, if possible, in one lawsuit and discourages a multiplicity of actions, particularly when the controversy can be resolved in one lawsuit. Said Act also provides for amendments to the pleadings to correspond with the proof. Upon trial, the proof elicited in support of the affirmative defense may reveal that the insurance contract should be reformed to correspond with the intent of the parties and require the court to deny the relief sought by the plaintiff insurance company. Whether the exclusionary provision in the insurance policy should control or not control is dependent upon the proof of the facts set forth in the affirmative defense. The affirmative defense, therefore, presents a material fact which must be resolved as to the rights and liabilities of the insurer and insured before the declaratory judgment requested could be granted or denied. The trial judge was correct when on January 23, 1970, he denied plaintiff's motion for summary judgment on the plead-

ings. His action in reconsidering that judgment six months later, and entering judgment on the pleadings in favor of the plaintiff, was, therefore, erroneous.

For the reasons given, the judgment of the circuit court of Carroll County is reversed and the matter remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded, with directions.

MORAN, P. J. and SEIDENFELD, J., concur.