MARIA BAILLON, Plaintiff, *v.* S. S. KRESGE COMPANY d/b/a K-MART *et al.*, Defendants—(S. S. KRESGE COMPANY d/b/a K-MART *et al.*, Third-Party Plaintiffs-Appellants, *v.* RUDY'S MARKET, INC., Third-Party Defendant-Appellee.)

(No. 11505;

Fourth District—January 11, 1972.

*Rehearing denied February 7, 1972.*

T. G. Knappenberger, Jr., of Champaign, for appellants.

Hatch, Corazza, Baker & Jensen, of Champaign, (Harold A. Baker and Timothy O. Madigan, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Maria Baillon filed a complaint in the circuit court of Champaign County against S.S. Kresge Company and a Melvin Simon alleging injuries on January 3, 1969 at a time when the plaintiff was on premises as a business invitee and alleged in her complaint that the defendants were negligent in four specified respects, all of which related to the failure to remove or the negligent removal or negligent piling of snow and ice in the vicinity of the northwest corner of a department store located at the K-Mart Plaza in the City of Champaign.

The defendants named in the original action filed a third party complaint against Rudy's Markets, Inc., a corporation, alleging the filing of the original complaint, which was incorporated in the third party complaint by reference, and further alleging that under the terms of a certain document described as a license agreement between Kresge, as licensor, and the third party defendant, Rudy's, as licensee, Rudy's was obliged to indemnify and hold harmless the licensor for any claims involving use or occupancy of the licensed area or the sale or the offering for sale of the licensee's products or merchandise, and alleged the contractual obligation to procure liability insurance effecting such indemnification. Likewise, the third party complaint alleged the execution of a lease between the third party, Simon, and Rudy's by the terms of which the lessee was to protect the lessor by public liability insurance for any injuries or damage that may occur on or about the leased premises. The third party complaint describes the lease as relating to a certain building, etc.

The circuit court of Champaign County granted the motion of the

84

third party defendant, Rudy's, for judgment on the pleading. This appeal is from that action.

■■ We have taken with the case a motion by the appellants to strike certain portions of the record on appeal. This motion asserts that the record on appeal contains matters unrelated to the third party complaint and motion and that such may not properly be considered upon a review of the motion for judgment on the pleadings. We deem the motion to be well taken. Upon consideration of a motion for judgment on the pleadings the court is to ascertain whether there is an issue of material fact presented by the pleadings and if there is no such issue, the question is which party is entitled to judgment. Such motion raises the issue of the sufficiency of the pleadings and does not invite a review of other and ancillary material that may in fact be in the file or in the record in some unrelated manner. (*Swidler v. Litvin,* 107 Ill.App.2d 227, 246 N.E.2d 895.) The motion to strike the designated portion of the record on appeal is therefore allowed.

■■ We turn now to the issue of the sufficiency of the third party complaint and such relevant allegations as may be found in the original complaint, which is incorporated.

As we noted, the original complaint alleged the injuries to have occurred while the plaintiff was on premises of the defendant as a business invitee. Such allegation was contained in the second paragraph and asserted presence on its "aformentioned premises" which necessarily could only relate back to the first paragraph. That paragraph contained an allegation as to "premises" referring to a K-Mart Plaza in the City of Champaign. The specified acts of negligence as described relate to piling of snow and snow removal. The third party complaint incorporates the original complaint, but in addition alleged that at the time of the plaintiff's fall, "* * * she was approaching the premises occupied by said Rudy's intending to make certain purchases within the premises known and described as the K-Mart Food Store on said premises, which Food Store was exclusively operated by Ruby's as hereinafter described." The allegation of the third party complaint then described the license and lease agreement.

In our view the circuit court properly granted the motion for judgment on the pleadings.

We have today filed an opinion in *Tatar v. Maxon Construction Co., Inc. v. Freesen Bros., Inc.,* (1972), 3 Ill.App.3d 352, wherein we discuss rules of construction with reference to indemnification agreements. The observations there made are applicable here. The rule of strict construction there described is applicable to this license agreement and lease. As we view it, the third party complaint is insufficient, even as aided

by the incorporation by reference of the original complaint, to set forth well pleaded facts sufficient to establish the applicability of the indemnification agreements. There are no facts pleaded sufficient to establish that the injuries arose or involved use or occupancy of the licensed area by Rudy's so far as the license agreement is concerned, nor are there allegations sufficient to establish that the injuries occurred upon or about the premises within the contemplation of the lease.

It seems to us fundamental that the motion for judgment on the pleadings admits for the purpose of the motion only the factual allegations of the complaint and not conclusions that may be found therein.

The judgment of the circuit court of Champaign County was correct and is affirmed.

Judgement affirmed.

SMITH, J., concurs.

Mr. JUSTICE TRAPP specially concurring:

I concur in the affirmance of the judgment entered below, but do not agree that the cited *Tatar* is applicable or controlling.