PAUL H. HULSE, Plaintiff-Appellant, *v.* MIDWEST EMERY FREIGHT SYSTEM, INC., Defendant-Appellee.

(No. 11927;

Fourth District—June 13, 1973.

Robert W. Cook and Schmiedeskamp, Jenkins, Robertson & House, both of Quincy, for appellant.

J. Robert Walden, of Mays & Walden, of Quincy, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The plaintiff leased a tractor and a refrigerated semitrailer to the defendant freight company. The contract or lease agreement provided that the plaintiff was to furnish a driver with the equipment and was to pick up and deliver loads as directed by the defendant. Under a heading entitled "Costs of Operation", the contract provided that the plaintiff would pay all costs of operation which may include, but was not limited to, maintenance, repairs, payments of injury or damage to the operator driver and helpers and to the equipment, whether the same occur while operated in service of the defendant or otherwise.

While hauling property in a new 1965 Lufkin semi-trailer pursuant to the contract, plaintiff's tractor broke down. Plaintiff called the defendant for instructions. The defendant sent an employee with a tractor of the defendant to haul the trailer and its cargo of refrigerated beef to its destination. The employee of the defendant drove the unit off the highway and the semi-trailer was substantially damaged. Essentially, these facts, including the fact of substantial damage, were stipulated between the parties.

██ In this action by plaintiff to recover the damages from the defendant, the trial court in a bench trial entered judgment for the defendant holding that the terms of the contract were operative and placed the burden of the damage to the equipment on the plaintiff. The court found that the damage was occasioned by an act of a person furnished by the defendant to complete a task which the plaintiff set out to do in pursuance of the contract. The express language of the contract does not suggest that it was the intention of the parties that damage to the equipment "while operated in the service of the defendant" would be an obligation of the plaintiff if the damage was occasioned by the conduct of the defendant. Thus, under the usual rules of construction, this loss caused by the defendant becomes its responsibility.

██ If, as is argued, the contract terms constitute a hold harmless agreement or an exculpatory agreement, the same result obtains. In *Tatar v. Maxon Construction Co., Inc.*, 3 Ill.App.3d 352, 277 N.E.2d 715, aff'd. 54 Ill.2d 64, 294 N.E.2d 272, we observed that exculpatory clauses in contracts or language in contracts whereby a tort feasor seeks to excuse or transfer liability for his own wrongful or tortious act were not favored and such would be strictly construed. The operative language in this agreement under such construction does not obligate the plaintiff to pay for damages to the trailer occasioned by the defendant. Rather, the contract language relates to the obligation of the defendant to pay routine costs and damage to the equipment. Such cannot be construed as to be an undertaking by the plaintiff to exculpate the defendant from its own tortious conduct nor intentionally inflicted damage. (See *Leach v. Eychaner*, 1 Ill.App.3d 327, 273 N.E.2d 55; *Moss v. Hunding*, 27 Ill. App.2d 189, 169 N.E.2d 396.) The trial court was in error in its finding that the contract provision was applicable and barred plaintiff's recovery. The judgment entered for the defendant based solely upon that finding must be reversed.

██ Upon the issue of damages, a witness, Glenn Selph, testified for the plaintiff and stated that the damages to the trailer amounted to the sum of $13,247.41 plus $175 for state and county taxes applicable at the place of repair, which in this instance was Texas. This statement as to the damages was an estimate described as an "agreed evaluation". Agreed evaluation in the context used in this testimony meant that the witness determined the damages in conjunction with the foreman of the shop where the repairs would be made and that the repairs would be made at the figure thus ascertained. Objections to proof of damages by estimate of costs of repairs were not specifically made. Rather, an objection was made at one point on the grounds of hearsay and at another point an objection was made that an estimate was inappropriate to estab-

lish damages until it was shown that the vehicle was, in fact, reparable. Counsel for the defendant cross-examined this witness at length and in detail as to the damages. Under the circumstances here found, the testimony of the witness Selph, who was qualified and testified as an expert, was admissible to prove damages. *Lucas v. Bowman Dairy Co.*, 50 Ill. App.2d 413, 200 N.E.2d 374; 22 Am.Jur., *Damages*, par. 334; *Hartford Deposit Co. v. Calkins*, 109 Ill.App. 579.

The judgment of the circuit court of Pike County is reversed and this cause is remanded to that court with directions to enter judgment for the plaintiff in the sum of $13,422.41.

Reversed and remanded with directions.

TRAPP and SIMKINS, JJ., concur.