784

NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* WALLACE J. BYRNE *et al.*, Defendants-Appellants.

Second District   No. 77-49

Opinion filed June 6, 1978.

Alfred W. Lewis, of Wasneski, Yastrow, Kuseski & Flanigan and Hermann & Hall, both of Waukegan, for appellants.

Robert M. Bollman and George E. Riseborough, both of Brydges, Riseborough & Morris, of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Nationwide Mutual Insurance Company, hereinafter Nationwide, filed the instant action in the circuit court to determine the rights and obligations of the parties under the liability coverage of three automobile insurance policies issued by Nationwide. Two policies of $25,000 each were issued to Wallace J. Byrne covering his two vehicles and a third policy, also of $25,000, was issued to Sharon A. Byrne, his daughter, residing with him. On August 23, 1975, Wallace was driving Sharon to work in her car as she had injured her foot. He was then involved in an accident with a motor vehicle driven by George W. Holland, Jr., who died as a result of the accident. Lucille Holland, as administrator of the estate of George W. Holland, Jr., brought a wrongful death action against both Wallace and Sharon Byrne.

In its declaratory judgment the trial court held that only the policy issued to Sharon A. Byrne afforded coverage in the wrongful death action. The trial court further found that the two policies issued to Wallace J. Byrne did not afford coverage. Defendant Lucille Holland as administrator brings this appeal from that portion of the trial court's order denying coverage under the two policies issued to Wallace J. Byrne.

The question presented in this case is whether coverage was also

afforded by the two policies issued to Wallace J. Byrne. The parties agree that coverage was afforded under the policy issued to Sharon A. Byrne.

The determinative issue in this appeal is the interpretation of section VI(3) of the policies. Provision C(1) and C(2) delineates the coverage for wrongful death. Section VI(3) reads in pertinent part as follows:

"(3) Coverages C(1), C(2) and D(2) shall extend to any other land motor vehicle except a temporary substitute land motor vehicle while used by the Policyholder first named in the Declarations, if an individual, or by his spouse and the relatives of either if a resident of the same household. Those entitled to protection under this extension of coverage for Coverages C(1) and C(2) are:

(a) the Policyholder,

(b) any relative resident of the same house, and
* * *

Provided as to (3) immediately preceding, such other land motor vehicle:

(i) is not owned by such Policyholder or any member of the same household except a private chauffeur or domestic servant of such Policyholder, his spouse, or a relative of either residing in the same household; * * *."

The administrator contends first that the trial court erred in holding that the language was not ambiguous and specifically that such language did exclude coverage under the two policies issued to Wallace J. Byrne. Second, the administrator contends that stacking of the coverages should be allowed where there are separate, multiple insurance policies issued by the same insurer. Considerable argument is presented as to the latter contention by both parties but we do not reach that issue in view of the determination we make herein.

The administrator contends that the latter part of section (i) excepts the exception, or provides that the other land motor vehicle may be owned by a relative of either the policyholder or his spouse residing in the same household. We do not agree. We find the exception in section (i), as to a relative of either, unambiguously refers to the private chauffeur or domestic servant of such policyholder. To hold otherwise would be to find an exception to an exception. In other words, appellant contends that although the first part of section (i) clearly excludes vehicles owned by members of the same household, the latter part was intended to except from the exception any vehicle owned by members of the same household who are relatives. Such a construction is not only tenuous but contrary to any reasonable interpretation. While this provision is inartfully drawn, the intention of the parties may be determined solely from the language used.

Our supreme court has stated, in *Schek v. Chicago Transit Authority* (1969), 42 Ill. 2d 362, 364, 247 N.E.2d 886, 888, that:

"The primary object in construing a contract is to give effect to the intention of the parties involved. Their intent must be determined solely from the language used when no ambiguity in its terms exists, and a strict construction of that language which reaches a different result from that intended by the parties should not be adopted."

The appellate court, in applying this precept to a contract of insurance, stated in *Dawe's Laboratories, N. V. v. Commercial Insurance Co.* (1974), 19 Ill. App. 3d 1039, 1048, 313 N.E.2d 218, 224:

"In considering the language of the policy of insurance * * * our primary objective must be to ascertain and to give effect to the intention of the parties as therein expressed. Where there is no ambiguity in the policy provision, the intent of the parties 'must be determined solely from the language used.' [Citation.] In this regard, insurance policies must be treated like any other contract and '[w]here the language in a policy is clear and unambiguous, it must be taken in its plain, ordinary and popular sense.' "

We here construe section VI(3) of the policies, in abbreviated form, as follows:

"Coverages * * * shall extend to any other land motor vehicle * * * while used by the Policyholder * * * or by his spouse and the relatives of either if a resident of the same household. Those entitled to protection under this *extension* of coverage are the Policyholder * * * [and] * * * any relative resident of the same household; * * * PROVIDED * * * such other land motor vehicle is *not owned* by such Policyholder or any member of the same household * * *." (Emphasis added.)

We are fully cognizant of the oft-stated rule that when an insurance policy is ambiguous it will be construed most strongly against the insurer. However, we do not find that to be the situation in the case before us. To hold, in substance, that this policy provides for an exception to an exception would be to stretching the question of ambiguity to the breaking point.

As we have indicated above, in view of our holding herein we do not reach the question of stacking, *i.e.*, the addition of Wallace Byrne's policies, or either of them, to the policy issued to Sharon Byrne, his daughter and a member of the same household.

The judgment of the trial court is therefore affirmed.

Affirmed.

NASH and RECHENMACHER, JJ., concur.