766 A.2d 837 (2001)
337 N.J. Super. 209
Michael PEPE and Paula Pepe, his wife, Plaintiffs,
v.
TOWNSHIP OF PLAINSBORO, Plainsboro Department of Public Works, a body corporate and politic, their agent, servants and/or employees; Kenneth Giovanelli, his agents, servants and/or employees; A.J. O'Sullivan, P.A., its agents, servants and/or employees; and Melick-Tully and Associates, Inc., its agents, servants and/or employees, Defendants,
and
Riefolo Construction Co., Inc., its agent, servants and/or employees, Defendant-Appellant,
and
Wagner-Hohns-Inglis, Inc., its agents, servants and/or employees, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 2001.
Decided February 26, 2001.
*838 Robert C. Ward, Clinton, argued the cause for appellant (Gebhardt & Kiefer, attorneys; Mr. Ward, on the brief).
Frederic J. Schragger, Lawrenceville, argued the cause for respondent (Frederic J. Schragger, attorney; Andrew J. Schragger, on the brief).
Before Judges PRESSLER, CIANCIA and ALLEY.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This controversy arises out of a municipal construction contract. The sole issue raised on this appeal is whether the contractual indemnification given by the general contractor, defendant cross-claimant Riefolo Construction Co., Inc., to the Township of Plainsboro, "its officers, agents, and employees," includes within its protection, as an agent of the municipality, defendant Wagner-Hohns-Inglis (WHI), the independent contractor retained by Plainsboro as contract administrator to inspect the work as it was being performed and to assure that it was being performed in accordance with specifications and on a timely basis. Riefolo appeals from a summary judgment and an order denying reconsideration thereof that accorded WHI the benefit of the indemnification provision of the contract between Plainsboro and Riefolo. We reverse.
The underlying facts are not in dispute. Plainsboro, in furtherance of its plan to construct a new public works building, retained an architect to prepare plans and specifications and an engineer to perform the necessary soil testing. Riefolo was awarded the contract as general contractor. Plainsboro then retained WHI to serve as contract administrator, a function described as being the owner's representative at the job site to ensure the proper and timely execution of the job. It appears that Plainsboro does not have a civil engineer on its payroll either as a municipal officer or employee and that the qualifications of WHI's employees who were actually assigned to the Plainsboro job included either a building inspector's or civil engineer's license. The fee arrangement agreed upon between Plainsboro and WHI was on an hourly basis, it being understood that supervision of the job would not generally consume an entire eight-hour day.
Riefolo subcontracted with defendant Kenneth Giovanelli to do excavation work. On September 7, 1994, an employee of Giovanelli dug a large pit for a sewer section pump. The pit had no shoring. On that day plaintiff Michael Pepe, an employee of Riefolo, went into the pit to do carpentry work. The pit collapsed while he was in it, and he was severely injured.
Plaintiff, whose wife Paula Pepe sued per quod, filed this personal injury action in September 1996 against Plainsboro, its "agents, servants and employees"; the architect who had drawn the plans and specifications; the engineer who had done the soil testing; WHI; Riefolo; Giovanelli; and a group of unknown defendants. The cause of action against WHI was evidently predicated upon its improper inspection of the pit that had collapsed. See, generally, Carvalho v. Toll Bros. and Developers, 143 N.J. 565, 675 A.2d 209 (1996). Insofar as we are able to determine from this somewhat incomplete record, summary judgment was granted to Plainsboro, its agents, servants, and employees dismissing the complaint as against them on tort claims grounds. At some point it appears that the action was terminated as against the architect and engineer, and no unknown defendants were ever identified. Riefolo, as plaintiff's employer, was let out vis-a-vis plaintiff because of the exclusivity of the workers' compensation remedy, but not as to the various cross-claims of the remaining defendants. That left WHI, Giovanelli, and Riefolo.
*839 WHI moved for summary judgment in February 1999. It first sought dismissal of the complaint against it claiming that under Vanchieri v. New Jersey Sports and Exposition, 104 N.J. 80, 514 A.2d 1323 (1986), it was entitled to derivative immunity under the Tort Claims Act as an independent contractor of a municipality and, hence, that plaintiff's action against it should be dismissed. It also claimed that since it was acting as the municipality's onsite representative, it was its agent, entitled to the benefit of the provision of the contract between Riefolo and Plainsboro by which Riefolo agreed to indemnify Plainsboro, its officers, agents and employees. That portion of its motion seeking dismissal of plaintiffs' complaint against it was denied, but that portion of its motion seeking indemnification from Riefolo was granted. In sum, although it was the view of the motion judge that WHI was an independent contractor liable to third parties for its own negligence and for whose negligence Plainsboro would not be vicariously liable, he concluded, nevertheless, that WHI was, at the same time, an agent of Plainsboro entitled to the benefit of the indemnification agreement. A conforming order was entered in March 1999.
Although Riefolo moved for reconsideration of the indemnification issue in September 1999, that motion was not heard until December 3, 1999, when it was denied. In the meantime, Riefolo had not moved for leave to appeal, and its liability carrier took over the defense of plaintiff's action against WHI, assigning an attorney to represent it. Trial against Giovanelli and WHI, apparently on liability only, commenced at the end of November 1999. Giovanelli then settled plaintiffs' claims against him for $725,000. After the second day of trial, the attorney assigned by Riefolo's carrier to defend WHI, Richard Astorino, announced to the court that a settlement had been reached terminating the action, and the settlement was then placed on the record. The judge who had been trying the case noted that the indemnification issue had been before a different judge who would also decide the reconsideration motion. As to the settlement itself, the judge, after stating that $725,000 was the sum agreed upon for plaintiffs' release of their claims against WHI, had this to say:
In the event that Selective [Riefolo's carrier] prevails on this motion, whether it's counsel's new motion or a motion for reconsideration, ... [and the judge] determines that Carlisle [WHI's carrier] should have undertaken the defense of this case, then Carlisle will have the following options: To pay the judgment or they'll appeal. And if they appeal they'll have to abide by what the Court rules are with regard to Appellate procedure.
It has been represented to Mr. Astorino to make surethat Carlisle on behalf of Wagner and Wagner are all in agreement that $725,000 is a fair number to settle this case for Wagner's liability, and do not take issue with the 725,000. They do take issue isissue with is their responsibility to pay.
....
So the question will not be have you settled for a wrong amount of money and it's tootoo much or too little or too big a percentage or tootoo small but rather, it will come down to the legal question of whether you on behalf of Selective or Carlisle is responsible under their contractual agreements to pay any judgments that would have been entered against WHI.
Mr. Astorino agreed that that was essentially a fair statement, further representing that he had first consulted respecting the settlement agreement with both WHI's carrier and, because WHI's liability policy had a $100,000 deductible, with WHI's personal attorney as well. Both, Mr. Astorino represented, had concurred that $725,000 was a fair settlement and had agreed that the only open issue was whether the ultimate responsibility to pay that sum to plaintiffs rested with WHI or Riefolo. Mr. *840 Astorino, moreover, represented that if the motion for reconsideration of the indemnification decision, due to be argued in several days, was not in Riefolo's favor, then its carrier would promptly pay plaintiffs, reserving its right to appeal on the indemnification issue. WHI's carrier, however, according to Mr. Astorino, would not undertake to pay the settlement to plaintiff if the indemnification decision was against it until it had prosecuted an appeal therefrom. Thus, as Mr. Astorino made clear, while WHI and Riefolo and their respective carriers had consented to the making of and to the amount of the settlement, none of them was waiving the right to appeal from the forthcoming reconsideration decision on the indemnification issue. The motion judge thereafter declined to change his original summary judgment ruling on that issue. Riefolo appeals.
As we have indicated, the issue before us is whether WHI, as a conceded independent contractor, is nonetheless entitled, as a municipal agent, to the benefit of the indemnification in favor of Plainsboro. In concluding that it is not, we start with the indemnification agreement itself. The provision of the Plainsboro-Riefolo contract reads in full as follows:
Contractor agrees to make prompt and full payment of all proper charges for work, labor, services, materials and equipment incurred pursuant to this Agreement, and further agrees to indemnify, defend and hold the Township of Plainsboro, its officers, agents and employees, harmless from and against all suits, claims, costs, expenses, actions, demands, judgements or liabilities (including reasonable counsel fees) for any injury or damage sustained or alleged to have been sustained by any party [or] parties by reason of the use of defective material, furnished and delivered under the contract to be awarded hereunder, or by, or on account of any act of omission or commission of any contractor, its agents or employees; and, in case any such action shall be brought against the Township of Plainsboro, its officers, agents and employees, the Contractor shall immediately take charge of and defend same at its own cost and expense. The Township of Plainsboro may, if it so desires, defend such action and charge the expense of same to the Contractor.
In interpreting this language, we are guided by the principle that an indemnity provision is ordinarily required to be construed in accordance with the general rules for construction of contracts, and hence that the judicial task is to determine the intent of the parties from the language used, the surrounding circumstances, and the objectives sought to be achieved thereby. See, e.g., Moore v. Nayer, 321 N.J.Super. 419, 440, 729 A.2d 449 (App.Div.1999); Leitao v. Damon G. Douglas Co., 301 N.J.Super. 187, 191, 693 A.2d 1209 (App. Div.), certif. denied, 151 N.J. 466, 700 A.2d 879 (1997); Doloughty v. Blanchard Constr. Co., 139 N.J.Super. 110, 116-17, 352 A.2d 613 (Law Div.1976). The general rules of contract construction are, however, subject to two significant caveats, first, that the indemnification agreement is construed strictly against the indemnitee, and second, that the indemnification will not be construed to indemnify the indemnitee against losses resulting from his own negligence unless such an intention has been unequivocally expressed. Ramos v. Browning Ferris Indus., 103 N.J. 177, 191, 510 A.2d 1152 (1986); Leitao v. Damon G. Douglas Co., supra, 301 N.J.Super. at 191, 693 A.2d 1209; McCabe v. Great Pacific Century, 236 N.J.Super. 488, 492-93, 566 A.2d 234 (App.Div.1989), certif. denied, 121 N.J. 611-12, 583 A.2d 312 (1990).
Applying these principles to the text of the indemnity agreement, we obviously have to consider not only who is being indemnified, the question implicating WHI's agency status, but also what is being indemnified against. What is being indemnified against in the context of this case is all of the possible financial consequences to the Township of "any injury or *841 damage sustained or alleged to have been sustained by a party ... on account of any act of omission or commission of any contractor, its agents or employees." [Emphasis added.]
We think it plain that this is a relatively narrow construction-contract indemnification, quite unlike the broad form of job-related indemnification by which the indemnitor undertakes to indemnify the indemnitee in respect of any damage and loss having a nexus to execution of the project. That type of indemnification is ordinarily not fault-based at all and indemnifies the indemnitee against his own negligence, it being well-settled that there is no public policy precluding such an indemnification unless the indemnitee is exclusively at fault. See, generally, Carvalho v. Toll Bros. and Developers, supra, 143 N.J. at 578-79, 675 A.2d 209; Leitao v. Damon G. Douglas Co., supra, 301 N.J.Super. at 193, 693 A.2d 1209; Doloughty v. Blanchard Constr. Co., supra, 139 N.J.Super. at 116, 352 A.2d 613; N.J.S.A. 2A:40A-1 and -2. Generally speaking, the second type of indemnity is limited to protecting against the indemnitee's risk of loss resulting from the fault of the indemnitor or other specified person or both, a limitation ordinarily expressed by reference to the acts or omissions of the indemnitor or other person. That formulation, namely, acts or omissions, is customarily construed in this and other jurisdictions as "necessarily and inevitably implying a negligent act or omission, since the phrase `act or omission' in ordinary legal usage bespeaks culpability." Doloughty v. Blanchard Constr. Co., supra, 139 N.J.Super. at 119, 352 A.2d 613 (emphasis the court's). See also McCabe v. Great Pacific Century, supra, 236 N.J.Super. at 491-92, 566 A.2d 234. We think it clear that the indemnification here is of the second type, protecting the Township not from its negligence, and hence not from the negligence of its officers, employees, and agents, but rather from claims made against it and obligations ensuing therefrom resulting from the negligence of any contractor on the job, its agents and employees.
WHI is an independent contractor there is no dispute about that. Thus, it is one of the contractors on the job against whose negligence Riefolo indemnified the Township. Riefolo obviously did not at the same time, either expressly or by implication, also undertake to indemnify the very contractor whose conduct triggered Riefolo's obligation to indemnify the Township.[1] There is simply no way in which the indemnification agreement can be read to produce such a result. Moreover, if the Township was not indemnified against its own negligence, then neither were the Township's officers, agents and employees.
If the indemnification were, nevertheless, construable as protecting the Township against its own concurrent negligence, we are satisfied that WHI would still not be entitled to the benefit thereof since we are convinced that in the context of this agreement, WHI's status as an independent contractor precludes its status, at the same time and for purposes of the agreement, as a Township agent. At the outset, we conclude that the analytical framework customarily employed to determine an employment relationship, that is, the tests of control, relative nature of the work and economic dependence, see, e.g., Lowe v. Zarghami, 158 N.J. 606, 615-18, 731 A.2d 14 (1999), is irrelevant. No one claims that WHI was the Township's employee, and it obviously was not. The claim, rather, is that because it was retained as the Township's representative on the job site, it was its agent within the intendment of the agreement. This is clearly not so. In our view, the evident intent of the agreement was to assure the Township that the benefit of the indemnity would embrace those for whose actions it would be liable in respondeat superior. WHI concedes that as an independent contractor, no such liability would attach to the Township for its, WHI's, conduct. In *842 this regard we note that Judge Skillman, construing the indemnity agreement in McCabe, which protected the indemnitee against the acts or omissions of the contractor's or subcontractor's "officers, agents, employees or servants," referred to the entire rubric of those designated persons simply as employeesclearly the sense in which, as here, the various designations were used, that is, by way of repetition and not distinction. See McCabe v. Great Pacific Century, supra, 236 N.J.Super. 488, 566 A.2d 234.
Our view that in the circumstances here the term "independent contractor" and "agent" are mutually exclusive is supported by the Restatement (Second) of Agency § 14N, comments a and b (1958), which takes the position that independent contractors not acting as fiduciaries or under the supervision of the party retaining them are non-agent independent contractors. There is no suggestion here that WHI, whose undertaking with the Township was the provision of contract-administration services, was a fiduciary of the Township. The scope of its legal obligations to the Township was defined by its express contractual undertaking, generally described as "on-site services to determine that the contractor is building the project in accordance with the plans and specifications." Nor is there any suggestion in this record that the Township would be any more vicariously liable for any negligence of WHI as its principal than it would have been as its employer. Thus we conclude, both on the basis of who was indemnified and what was indemnified against, that this indemnity did not run to WHI.
As we have pointed out, Riefolo's carrier represented to the court at the time the settlement was placed on the record that both WHI and its carrier had been consulted regarding the settlement and had approved it subject only to its right to appeal if the indemnification reconsideration motion were decided adversely to it. We think it plain that, as in the case of a defense by a carrier under a reservation when coverage is in dispute, the party who is at risk of ultimate payment has the right of notice of, consultation in, and approval of the significant litigation decisions made by the party defending. That is, of course, particularly so where the party at risk of payment is represented by an attorney assigned and paid by the carrier. See Lieberman v. Employers Ins. of Wausau, 84 N.J. 325, 338, 419 A.2d 417 (1980). We are satisfied from the record of the settlement proceedings that WHI was accorded that right by Riefolo. We are, however, aware that WHI itself was not actually present at those proceedings either by its own attorney or by its carrier. While the trial court clearly acted appropriately in accepting the representations made to it by the attorney assigned by Riefolo's carrier to represent WHI, we do not foreclose the right of WHI, if it chooses, to contest the accuracy and import of the attorney's statements to the court. It may do so by seeking relief from judgment pursuant to R. 4:50-1.
The summary judgment and order denying reconsideration are reversed, and we remand to the trial court for entry of judgment in Riefolo's favor consistent with this opinion.
NOTES
[1] Riefolo, under the terms of the indemnity provision, paid the Township's defense costs.