

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2005

# Longport Ocean Plaza v. Robert Cato Assoc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3814

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Longport Ocean Plaza v. Robert Cato Assoc" (2005). *2005 Decisions*. Paper 1022.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1022

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-3814
No. 03-3882

———————

LONGPORT OCEAN PLAZA CONDOMINIUM, INC.

v.

ROBERT CATO & ASSOCIATES, INC., ET AL.
and
THE WINDOW ASSOCIATES, INC., ET AL.

The Window Associates, Inc.,

Appellant in No. 03-3814

———————

LONGPORT OCEAN PLAZA CONDOMINIUM, INC.

v.

ROBERT CATO & ASSOCIATES, INC., ET AL.
and
THE WINDOW ASSOCIATES, INC., ET AL.

Robert Cato & Associates, Inc.,

Appellant in No. 03-3882

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court Nos. 00-cv-02231 and 02-cv-01724)
District Court Judge: The Honorable Ronald L. Buckwalter

Argued: May 27, 2005

Before: SCIRICA, Chief Judge, ALITO and GARTH, Circuit Judges

(Opinion Filed:   June 14, 2005)

PAUL A. LISOVICZ (Argued)
TIMOTHY P. SMITH
Coughlin Duffy Kelly Lisovicz Midlige & Wolff, LLP
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, NJ  07962-1917

*Counsel for Appellant Robert Cato & Associates, Inc.*

RICHARD H. MARTIN (Argued)
MICHAEL P. DEVLIN
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109-1099

*Counsel for Appellee Longport Ocean Plaza*

BARBARA S. MAGEN
GLENN M. CAMPBELL
SHEILA A. HAREN
Post & Schell
1600 John F. Kennedy Boulevard
Four Penn Center, 13th Floor
Philadelphia, PA 19103

*Counsel for Appellee Melrose Enterprise, Inc.*

2

OPINION OF THE COURT

PER CURIAM:

Because we write for the parties only, we do not set forth the facts of this case. Robert Cato & Associates, Inc. ("Cato") appeals from an award of attorney's fees and costs to Longport Ocean Plaza Condominium, Inc. ("Longport").[1] Cato argues that its contracts with Longport do not provide for the award with the clarity required for them to be enforced under New Jersey law. We agree with Cato, and we vacate the award.

I.

An award of fees is reviewed for abuse of discretion, but the District Court's underlying legal conclusions receive plenary review. See Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3d Cir. 1990). Such conclusions include the Court's construction of the two contracts at issue. See Ram Constr. Co. v. Am. States Ins. Co., 749 F.2d 1049, 1053 (3d Cir. 1984). Since the District Court's award depended on its construction of those contracts, this Court's review is effectively plenary.

II.

Longport makes two preemptive attacks on Cato's appeal. It first argues that the Court lacks jurisdiction to review the award because Cato's notice of appeal was

---

[1] The Window Associates, Inc., raises its own claims against Longport in No. 03-3814, though it also joins in Cato's briefs in No. 03-3882. With the exception of footnote 2, this opinion discusses only Cato's claims, the remainder of the appeal having been assigned to mediation.

3

defective. It then argues that Cato failed to preserve its argument that the District Court misinterpreted the indemnification clauses. Neither claim has merit.

Cato did not file an amended notice after either the October 2003 order modifying the award or the December 2003 order entering judgment. According to Longport, these omissions leave this Court without jurisdiction over either order. See Fed. R. App. P. 4(a)(4)(A)(i), (iii), (B)(ii). We disagree. As this Court explained in Polonski v. Trump Taj Mahal Associates:

> [W]here "subsequent appellate proceedings manifest the appellant's intent to appeal the attorney's fees issue," and where "the opposing party had and exercised a full opportunity to brief the issue and did not raise any claim of prejudice," this Court has found a notice of appeal specifying one attorney's fee order sufficient to confer jurisdiction over an appeal from another unspecified attorney's fee order in the same case.

137 F.3d 139, 144 (3d Cir. 1998) (quoting Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 156 n.10 (3d Cir. 1994)). Cato's appeal was clearly intended to extend to the October and December orders. Since Longport has thoroughly briefed the relevant issues and has offered no evidence of prejudice, we will exercise jurisdiction over them under 28 U.S.C. § 1291.

We also believe that Cato properly preserved its argument that the District Court misinterpreted the indemnity clauses. In its brief in opposition to Longport's motion for fees and costs, Cato argued that the clauses were ambiguous because "'[i]ndemnification' is a term that ordinarily suggests, as between two parties, the shifting responsibility for

4

the claims brought by a third." App. at 291. Cato devoted at least a page of its brief to this argument. Although the Appendix does not excerpt any more of the brief, we are satisfied that Cato did not merely "allud[e]" to the issue in "stray comments or passing references in assorted documents." Longport's Br. at 33-34.

Longport argues that Cato was required to raise the issue earlier to preserve it, but Longport has failed to point to any authority supporting this position. The requirement that errors be preserved in the trial court conserves judicial resources and serves the interests of fairness to the District Court and the appellant's adversary. See Gardiner v. V.I. Water & Power Authority, 145 F.3d 635, 647 (3d Cir. 1998). It gives the District Court an opportunity to correct its own errors, obviating costly appeals. See id.; Pfeifer v. Jones & Laughlin Steel Corp., 678 F.2d 453, 457 n.1 (3d Cir. 1982), vacated on other grounds, 462 U.S. 523 (1983). These interests have not been disserved simply because Cato waited until after trial to raise the issue. Longport had an opportunity to respond to Cato's argument, as did the District Court, which found it "without merit." App. at 293. We conclude that this sufficed to preserve the issue.[2]

---

[2] Having so concluded, we deny Longport's motion to quash the appeal at No. 03-3882. The motion raises essentially the same forfeiture and jurisdictional arguments rejected above.

Longport's motion to quash the appeal at No. 03-3814 is also denied. As Longport's reply brief in support of the motion recognizes, Cato's agreement with The Window Associates, Inc., may obligate the latter to indemnify Cato for any award to Longport. As a result, The Window Associates, Inc., shares an interest with Cato in challenging the award and has every right to join its brief. See Fed. R. App. P. 28(i).

III.

We turn to the merits.  In New Jersey, indemnification agreements are interpreted according to familiar rules of contract construction.  See Ramos v. Browning Ferris Indus. of S. Jersey, Inc., 510 A.2d 1152, 1159 (N.J. 1986).  Clear and unambiguous ones are enforced according to their terms. See Kampf v. Franklin Life Ins. Co., 161 A.2d 717, 720-21 (N.J. 1960).  Ambiguities are resolved by the fact finder, relying on such evidence as "the language used, the surrounding circumstances, and the objectives sought to be achieved."  Pepe v. Twp. of Plainsboro, 766 A.2d 837, 840 (N.J. Super. Ct. App. Div. 2001).  Should such evidence fail to resolve the ambiguity, however, an indemnity clause must be strictly construed against the indemnitee.  See id. (citing Ramos, 510 A.2d 1152).

We agree with Cato that neither indemnity clause unambiguously requires it to reimburse Longport for fees and costs in Longport's own action against Cato.  While each clause is broadly worded, referring to indemnification "[t]o the fullest extent permitted by law" for "any and all liability," this language can sweep only as far as the word on which it hinges.  That hinge is the word "indemnify."  Although this word can imply any right to reimbursement, it commonly presumes a tripartite arrangement, in which A recovers from B for losses to C.  See Black's Law Dictionary 784 (Bryan A. Garner, ed. in chief, 8th ed. 2004) (defining indemnity as "esp., the right of a party who is secondarily liable to recover from the party who is primarily liable for reimbursement of expenditures paid to a third party"); 41 Am. Jur. 2d Indemnity § 1 (1995) (giving a similar definition).

6

Case law confirms the currency of Cato's definition. In <u>Valhal Corp. v. Sullivan Associates, Inc.</u>, we explained that an indemnity clause requires the indemnitor "to bear the cost of any damages <u>for which the indemnitee is held liable</u>." 44 F.3d 195, 202 (3d Cir. 1995) (emphasis added); <u>accord</u> <u>Adler's Quality Bakery, Inc. v. Gaseteria, Inc.</u>, 159 A.2d 97, 110 (N.J. 1960) ("[Indemnity] is a right which enures to a person who, without active fault on his own part, has been compelled, by reason [of] some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." (quoting <u>Builders Supply Co. v. McCabe</u>, 77 A.2d 368, 370 (Pa. 1951))); <u>see also</u> <u>Lee Way Motor Freight, Inc. v. Yellow Transit Freight Lines, Inc.</u>, 251 F.2d 97, 99 (10th Cir. 1957) (explaining that indemnity "implies a primary liability in one person, although a second person is also liable to a third party"); <u>Strong v. Prince George's County</u>, 549 A.2d 1142, 1144 (Md. Ct. Spec. App. 1988) ("Indemnification is an agreement to reimburse one who has been held liable for the amount of his loss."); <u>AMI Ins. Agency v. Elie</u>, 394 So. 2d 1061, 1062 (Fla. Dist. Ct. App. 1981) (same). This definition presumes an obligation to a third party that triggers the indemnitor's obligation to the indemnitee.

Although the word may sometimes have the broader meaning championed by Longport, that meaning does not emerge unambiguously from its contracts with Cato. In fact, the surrounding language tends to undermine Longport's reading. The contracts require Cato not only to indemnify Longport but also to "hold [it] harmless." A hold-

harmless term normally requires one party to "'assume[] the liability inherent in the undertaking, thereby relieving the other party of the responsibility.'" Valhal, 44 F.3d at 202 n.6 (quoting Blacks Law Dictionary 658 (5th ed. 1979)). Longport has failed to explain how it could be "h[e]ld harmless" in its own action against Cato. This wrinkle in the language suggests that the agreements contemplate indemnification only when Longport defends a third party's lawsuit.

Longport maintains that Cato's interpretation renders section 12.1.1 of the Construction Agreement surplusage, but Longport does not explain why section 12.1.1 should be any more or less expansive than section 12.1.3. Both sections use the word "indemnify." According to Longport, this word unambiguously implies a right to reimbursement even in the absence of liability to a third party. Under a more plausible reading, section 12.1.1 gives Longport a right to indemnity for any bodily injury and property damage, whereas section 12.1.3 grants indemnity for a broader class of losses but only upon a showing of fault. In any event, Longport's interpretation proves unsuccessful at explaining the overlap between the two sections and must be rejected.

IV.

After careful consideration of the parties' arguments and submissions, we conclude that the Management and Construction Contracts do not set forth Cato's indemnity obligations unambiguously. The District Court erred in awarding Longport fees and costs based on them. On remand, the District Court may consider extrinsic

evidence of the parties' intent.  Should such evidence fail to resolve the ambiguity in the agreements, the two clauses must be construed strictly against Longport.