CALDWELL TANKS, INC., Plaintiff,

v.

TNEMEC COMPANY, INC.
et al., Defendants.

No. CIV.A. 03–11726–NMG.

United States District Court,
D. Massachusetts.

Feb. 14, 2006.

John C. Barker, Michienzie & Sawin, LLC, Boston, MA, for Tnemec Company Inc., Righter Group, Inc., Defendants.

John F. Folan, Folan & McGlone P.C., New Bedford, MA, for Robert L. Merithew, Inc., Defendant.

Anne E. Gorham, Joseph L. Hardesty, Mark W. Leach, Robert M. Connolly, Stites & Harbison, LLC, Louisville, KY, Charles E. Schaub, Lauren Timoney Upton, Hinckley, Allen and Snyder, LLP, Boston, MA, for Caldwell Tanks, Inc., Plaintiff.

David J. Hatem, Warren D. Hutchison, Donovan & Hatem, LLP, Boston, MA, for Haley & Ward, Inc., Robert L. Merithew, Inc., Defendants.

Martin L. Legg, Boston, MA, Paul Michienzie, Michienzie & Sawin, LLC, Boston, MA, for Righter Group, Inc., Tnemec Company Inc., Defendants.

Douglas Marc Marrano, Nicholas A Ogden, Donovan Hatem LLP, Boston, MA, for Haley & Ward, Inc., Counter Claimant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Pending before the Court is a motion for judgment as a matter of law that challenges a jury verdict in favor of a defendant-counterclaimant.

### I. *Background*

The underlying case arose in connection with certain damage done to a million-gallon water tank owned by the Buzzards Bay Water District and located in Buzzards Bay, Massachusetts. The manufacturer of the tank, Caldwell Tanks, Inc. ("Caldwell"), incurred substantial costs to remedy the alleged damage to the tank and subsequently filed a lawsuit against 1) Tnemec Co., Inc. ("Tnemec"), which provided the primer for the tank, 2) Righter Group, Inc. ("Righter"), Tnemec's sales agent, 3) Haley & Ward, Inc. ("Haley"), the engineering firm that designed the tank, and 4) Robert L. Merithew, Inc. ("Merithew"), the on-site tank inspector.

Caldwell's complaint sought damages from Tnemec for breach of contract, breach of express and implied warranties, negligence, negligent misrepresentation and strict liability, and from Righter, Haley and Merithew for negligent misrepresentation. Haley filed a counterclaim against the plaintiff, contending that any liability on its part was precluded by a

contractual indemnity clause binding upon Caldwell.

After a two-week trial in April, 2005, the jury returned a verdict in favor of defendants on all counts. The jury also found that Haley had proved it was "entitled to indemnification from Caldwell for damages arising out of or resulting from the Buzzards Bay Water District project". It awarded Haley $175,000 on the indemnification counterclaim.

On May 6, 2005, Caldwell filed a motion for judgment notwithstanding the verdict, treated here as a motion for judgement as a matter of law, in which it contends that the verdict in favor of Haley is incorrect as a matter of law.[1] Haley opposes that motion and has moved for an award of attorney's fees incurred in preparing its opposition.

## II. *Discussion*

### A. Standard of Review

■ Pursuant to Fed.R.Civ.P. 50(b), a court may direct entry of judgment as a matter of law only "when after examining the evidence of record and drawing all reasonable inferences in favor of the non-moving party, the record reveals no sufficient evidentiary basis for the verdict". *Zimmerman v. Direct Fed. Credit Union,* 262 F.3d 70, 75 (1st Cir.2001) (citations omitted). In making such an evaluation, the court "may not weigh the evidence, undertake credibility determinations, or engage in differential factfinding". *Id.* (citation omitted). The jury verdict must be allowed to stand "unless the evidence, taken in the light most favorable to the prevailing party, points unerringly to an opposite conclusion". *Id.* (citation omitted).

### B. Analysis

■ Caldwell submits that it should be granted judgment as a matter of law, with respect to the affirmative judgment against it, on the grounds that 1) the indemnification clause on which Haley's counterclaim was based cannot, as a matter of law, support indemnification under the circumstances and, in any event, 2) the evidence produced at trial was insufficient to entitle Haley to indemnification. Haley maintains that the jury verdict is supported by adequate legal and evidentiary bases. After careful consideration of the parties' contentions, the Court is persuaded by Caldwell's position.

■ Courts interpreting indemnification contracts under Massachusetts law are to "give effect to the parties' intentions and construe the language to give it reasonable meaning wherever possible". *Shea v. Bay State Gas Co.,* 383 Mass. 218, 418 N.E.2d 597, 601 (1981).

The contractual indemnity at issue provides that:

19.1 The CONTRACTOR [Caldwell] will indemnify and hold harmless the OWNER [Water District] and the ENGINEER [Haley] and their agents and employees from and against all claims, damages, losses and expenses including attorney's fees arising out of or resulting from the performance of the Work, provided that any such claims, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property including the loss of use resulting therefrom; and is caused in whole or in part by any negligent or willful act or omission of the CONTRACTOR, and SUB-CONTRACTOR, anyone directly or indi-

---

1. Although the Federal Rules of Civil Procedure at one time referred to "directed verdicts" and "judgments notwithstanding the verdict", Rule 50 was amended in 1991 to provide for use of the term "judgment as a matter of law".

rectly employed by any of them or anyone for whose acts any of them may be liable.[2]

Indemnification clauses typically shift costs from the indemnitee to the indemnitor where a third party makes a claim against the indemnitee. Courts applying Massachusetts law have dealt infrequently with indemnification in the context of indemnitor-indemnitee litigation. Those that have addressed the issue, however, have concluded that there is no right to indemnification of claims between an indemnitor and indemnitee unless the contract expressly contemplates such entitlement. *See Petit v. Basf Corp.*, No. CIV.A. 96–1814A, 2001 WL 410358, at *3 (Mass.Super. April 20, 2001) (following the "principle that, in cases where the contestants have engaged in litigation with each other, an obligation upon one to indemnify the other for fees and costs should result only where the indemnity provision specifically expresses the intent of the parties to provide for costs thus incurred"); *Astrolabe, Inc. v. Esoteric Technologies PTY, Ltd.*, No. Civ.A.01–11352, 2002 WL 511520 (D.Mass. Mar.29, 2002) (denying indemnification of a claim brought by an indemnitee against the indemnitor because the contract provided "no indication that the parties intended [the indemnity] to cover attorney's fees and litigation costs in an action *between* the parties").

This principle is in accord with the decisions of courts applying the law of other states. *See, e.g., Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Assoc., Inc.*, 137 Fed.Appx. 464, 466–67 (3d Cir.2005) (applying New Jersey law); *Lay-*

*man v. Combs*, 994 F.2d 1344, 1352 (9th Cir.1992) (applying California law); *Bourne Co. v. MPL Commc'ns, Inc.*, 751 F.Supp. 55, 57 (S.D.N.Y.1990) (citing *Hooper Assoc., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 549 N.Y.S.2d 365, 548 N.E.2d 903 (1989)).

■ Haley contends, correctly, that courts generally construe indemnification provisions broadly. Nevertheless, in the context of indemnitee-indemnitor litigation, courts are not so magnanimous. Where indemnification is sought in the context of indemnitor-indemnitee litigation, courts generally require that the provision demonstrate a specific intent by the parties that the indemnity operate in that context.

In this case, although the subject indemnity is broad enough to encompass indemnification of a claim brought by Caldwell against Haley, the contract bears no explicit indicia that the parties intended that interpretation. Indeed, if the provision is deemed to entitle Haley to indemnification of claims brought by Caldwell, it would just as likely also apply to opposing claims brought by Haley against Caldwell, which would surely violate the principle that a party seeking to enforce its rights against a wrongdoer is nevertheless responsible for its own attorney's fees. *See Fed. Deposit Ins. Corp. v. Fedders Air Conditioning, USA, Inc.*, 821 F.Supp. 50, 56 (D.Mass.1993).

Haley's position has a modicum of support to the extent that depriving it of indemnification elevates formality above substance because the same claim brought under a different procedural posture might be indemnifiable. For instance, had Haley

---

**2.** "Work" is defined in the agreement as
[t]he entire completed construction or the various separately identifiable parts thereof required to be furnished under the Contract Documents. Work includes and is the result of performing or furnishing labor and furnishing and incorporating materials and equipment into the construction, and performing or furnishing services and furnishing documents, all as required by the Contract Documents.

been impleaded not as a direct defendant but rather as a third-party defendant in a claim brought by defendant Tnemec, alleging, for example, that Haley made negligent misrepresentations to Tnemec which then caused it to provide improper materials to Caldwell, Haley would arguably be entitled to indemnification. *Cf. O'Gee v. Dobbs Houses, Inc.*, 570 F.2d 1084, 1090 (2d Cir.1978) (holding that a party which would have been indemnified if sued as a cross-claimant should be indemnified when brought into the case as a third-party defendant). That theoretical possibility is, however, simply too tenuous to overcome the legal foundation of Caldwell's position.

## ORDER

In accordance with the foregoing, Caldwell's Motion for Judgment Notwithstanding the Verdict (treated as a motion for judgment as a matter of law) (Docket No. 210) is **ALLOWED** and Haley's Motion for Attorney's Fees (Docket No. 237) is **DENIED**.

So ordered.