**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4086-19

JEROME MCCANN, MARY ANN
VASTINO, and ERIN MCGOWAN,

    Plaintiffs-Respondents/Cross-
    Appellants,

v.

WHITEHALL MANOR
CONDOMINIUM ASSOCIATION,
INC.,

    Defendant-Appellant/Cross-
    Respondent.

_____

Submitted November 8, 2021 – Decided November 24, 2021

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1581-16.

Jeffrey S. Mandel, attorney for appellant/cross-respondent.

Anthony X. Arturi, Jr., attorney for respondents/cross-appellants.

PER CURIAM

This matter returns to us after a remand. See McCann v. Whitehall Manor Condo. Ass'n, Inc., No. A-3338-16 (App. Div. June 29, 2018). Defendant Whitehall Manor Condominium Association, Inc. (Association) appeals from a May 28, 2020 order granting summary judgment in favor of plaintiffs Jerome McCann, Mary Ann Vastino, and Erin McGowan and ordering the Association to indemnify and reimburse plaintiffs for legal fees in the amount of $65,439.80.

Plaintiffs cross-appeal from the same May 28, 2020 order, disallowing a portion of their attorney's fees, in the amount of $11,204.79, incurred while defending the prior appeal. We reverse and remand the matters to the trial court.

We presume the parties are familiar with the facts from our prior opinion. McCann (slip op. at 1-2). Plaintiffs are former members of the Association's board of trustees and did not seek reelection. After departing as board members, the Association claimed plaintiffs failed to turn over documents belonging to the Association. Specifically, the Association sought access to an email account plaintiffs maintained during their time as board members.

Plaintiffs advised the email account was closed and, therefore, could not grant access to the Association. Consequently, the Association filed suit against plaintiffs in the Chancery Division seeking access to the email account and other

relief. The matter was resolved, in part, upon the entry of an April 29, 2016 consent order, directing plaintiffs to "make every effort to reactivate the [email] account."

A few days after signing the consent order, the Association filed a stipulation dismissing the Chancery Division action without prejudice. However, plaintiffs never agreed to, or even signed, the stipulation of dismissal. Thus, plaintiffs asserted the Association unilaterally dismissed the action.

Consistent with the consent order, plaintiffs contacted the email account service provider to reactivate the email account. Because the email account was not restored, the Association moved to enforce plaintiffs' compliance with the consent order. The Chancery Division judge denied the motion, finding plaintiffs substantially complied with the terms of the consent order.

Plaintiffs then requested the Association indemnify them and pay $22,594.26, representing legal fees associated with defending the Chancery Division action. Plaintiffs claimed the Association's voluntary dismissal of the Chancery Division action triggered indemnification under the Association's bylaws. Paragraph 2 of the bylaws provided:

> Each Trustee, officer or committee member of the Association shall be indemnified by the Association against the actual amount of net loss, including counsel fees, reasonably incurred or imposed upon him in

connection with any action, suit or proceeding to which he may be a party by reason of his being or having been a Trustee, officer or committee member of the Association, except as to matters for which he shall be ultimately found in such action to be liable for gross negligence or willful misconduct.

Plaintiffs claimed entitlement to attorney's fees under the indemnification provision absent any finding of gross negligence or willful misconduct. The Association declined to pay plaintiffs' legal fees.

On August 8, 2016, the Association filed a motion to reinstate the Chancery Division action and vacate the April 29, 2016 consent order. In denying the motion, the Chancery Division judge held:

> Although [the Association] refers to a stipulation of dismissal and, indeed, entitled the document that was filed with the court unilaterally as a [s]tipulation of [d]ismissal, it was not a stipulation. It was a unilateral dismissal filed by [the Association]. There were certain "whereas"'s in it. They're not binding on the [plaintiffs]. The [plaintiffs] [were] not a signatory to that. It was a dismissal. It was a dismissal without prejudice under the court rules.

Based on that ruling, plaintiffs renewed their request for legal fees under the indemnification provision in the bylaws.

Because the Association failed to pay the demanded attorney's fees, plaintiffs sued the Association for breach of contract in a separately filed action in the Law Division. Plaintiffs filed an order to show cause and requested

A-4086-19

summary disposition of their claim. On the return date of the show cause hearing, the Law Division judge, treating the matter as a summary action, held "plaintiffs [we]re entitled to indemnification for the costs and fees." The judge concluded there could be no finding of gross negligence or willful misconduct against plaintiffs because the Association voluntarily dismissed its claim. In a March 3, 2017 order and written decision, the judge directed the Association to pay plaintiffs the sum of $31,108.39.

The Association appealed the March 3, 2017 order. On June 29, 2018, this court vacated that order on procedural grounds. See McCann, slip op. at 5-6. We remanded the matter to the motion judge because "there was no motion filed by [plaintiffs] to proceed summarily, and the Association did not consent to summary disposition." Id. at 5. We instructed the trial court to "permit the parties to argue why the matter should, or should not, proceed summarily, and allow the Association to file an answer, affirmative defenses, and counterclaim, and engage in any discovery that may be necessary to adjudicate the matter on the merits." Id. at 6.

The Association then filed an answer and counterclaim on September 3, 2018. In its pleading, the Association sought a declaration that its bylaws did not require payment of plaintiffs' attorney's fees. The Association's

counterclaim asserted claims against plaintiffs for computer fraud, trespass, conversion, and breach of duty.

Plaintiffs filed a motion to proceed summarily on their request for attorney's fees pursuant to the indemnification provision. The Association cross-moved to disqualify plaintiffs' counsel. In a November 9, 2018 order, the judge held she would conduct a plenary hearing for the Association to adduce proofs in support of disqualifying plaintiffs' counsel.

Prior to the plenary hearing, plaintiffs' counsel subpoenaed records from the Association's prior counsel. The Association moved to quash the subpoena. In a March 5, 2019 order, the judge stated she would review the subpoenaed records in camera. The Association produced records for the court's review. Prior to the judge's decision, the Association withdrew its motion to disqualify plaintiffs' counsel.

On October 16, 2019, plaintiffs' attorney asked the judge to decide the previously filed motion to proceed summarily on the indemnification issue.

On October 25, 2019, the Association filed a motion to compel discovery and a motion for partial summary judgment. In its partial summary judgment motion, the Association asserted the indemnification provision did not compel payment of plaintiffs' legal fees incurred in the Chancery Division action.

A-4086-19

The judge concluded no further discovery was necessary. Because the Association moved for partial summary judgment, the judge held the Association could not claim any materially disputed facts nor request additional discovery. The judge rejected the Association's argument that plaintiffs were not entitled to recoup attorney's fees under the indemnification provision and suggested plaintiffs move for summary judgment on the issue.

On February 19, 2020, plaintiffs filed a motion for summary judgment seeking indemnification for legal fees incurred in the Chancery Division action. In granting plaintiffs' motion, the judge concluded the Association's bylaws compelled indemnification absent a finding of gross negligence or willful misconduct. The judge determined the language in the bylaws "was intentionally drafted to afford broad indemnity. The indemnity provision clearly indemnified a board member who acted with simple negligence." The judge further explained there was never a finding of liability in the Chancery Division action because the Association voluntarily dismissed that case. The judge also found plaintiffs' filing of the Law Division action for indemnification "was procedurally necessitated by the [Association's] intentional withdrawal of its claims" in the Chancery Division action before plaintiffs could request indemnification.

A-4086-19

Plaintiffs subsequently submitted an affidavit of services in support of their legal fees. The judge granted $31,108.39 in fees associated with the initial action and included an additional $34,330.99 for fees incurred by plaintiffs on the remand. However, the judge excluded fees incurred by plaintiffs on the original appeal.

On appeal, the Association argues the motion judge erred in determining plaintiffs were entitled to attorney's fees under the bylaws' indemnification clause. The Association further claims it required additional discovery before the judge could render any determination on the issue. The Association also contends the fees awarded were unreasonable and the judge never addressed the reasonableness of the requested fees. In their cross-appeal, plaintiffs argue the judge incorrectly excluded their attorney's fees incurred on the appeal.

We review a grant of summary judgment using the same standard that governs the motion judge's decision. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). In applying that standard, we consider "whether, after reviewing 'the competent evidential materials submitted by the parties,' in the light most favorable to [the non-moving party], 'there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law.'" Grande

v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat, 217 N.J. at 38); accord R. 4:46-2(c). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande, 230 N.J. at 24 (quoting R. 4:46-2(c)). We owe no special deference to the motion judge's legal analysis. RSI Bank, 234 N.J. at 472 (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

We first consider the Association's claim that there were contested material facts precluding summary judgment and further discovery was required before final disposition of the matter. We agree.

The Association argues there were genuine issues of material fact regarding the intent of the indemnification provision. When interpreting a contract, the court's goal is to ascertain the "intention of the parties to the contract as revealed by the language used, taken as an entirety; and, in the quest for intention, the situation of the parties, the attendant circumstances, and the objects they were thereby striving to attain . . . ." Driscoll Constr. Co., v. State, Dept. of Transp., 371 N.J. Super. 304, 313 (App. Div. 2004) (citing Onderdonk

v. Presbyterian Homes of N.J., 85 N.J. 171, 184 (1981)).

Well-settled contract law provides "[c]ourts enforce contracts 'based on the intent of the parties, the express terms of the contract, the surrounding circumstance and the underlying purpose of the contract.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118 (2014) (quoting Caruso v. Ravenswood Devs., Inc., 337 N.J. Super. 499, 506 (App. Div. 2001)). "When the terms of [a] . . . contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties." Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 415 (2016) (alteration in original) (quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)).

However, where the contractual provision is subject to more than one reasonable interpretation, it is ambiguous, and the "court may look to extrinsic evidence as an aid to interpretation." Templo Fuente De Vida Corp., 224 N.J. at 200) (quoting Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 195 N.J. 231, 238 (2008)). "Ambiguities are resolved by the fact finder, relying on such evidence as 'the language used, the surrounding circumstances, and the objectives sought to be achieved.'" Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs., Inc., 137 Fed. Appx. 464, 466 (3d Cir. 2005) (quoting Pepe v. Twp. of Plainsboro, 337 N.J. Super. 209, 215 (App. Div. 2001)). If "such

10

evidence fail[s] to resolve the ambiguity, however, an indemnity clause must be strictly construed against the indemnitee." Ibid.

Based on the indemnification provision, plaintiffs argue they are entitled to recover legal fees incurred in "any action, suit or proceeding." They contend the language of the provision is clear and unambiguous. On the other hand, the Association claims the indemnification clause is inapplicable to first-party claims, such as the claim asserted by the Association against plaintiffs. According to the Association, the provision was intended to apply only to potential third-party claims against board members, such as claims asserted by condominium unit owners.

Generally, "an indemnification agreement must be based upon 'the indemnitee's claim to obtain recovery from the indemnitor for liability incurred to a third party.'" Invs. Sav. Bank v. Waldo Jersey City, LLC, 418 N.J. Super. 149, 159 (App. Div. 2011) (quoting Travelers Indem. Co. v. Dammann & Co., 592 F. Supp. 2d 752, 766-67 (D.N.J. 2008), aff'd, 594 F.3d 238 (3d Cir. 2010)). An indemnity provision is inapplicable "when presented as a shield against claims asserted against the indemnitee by the indemnitor. It is only when the indemnitee is found liable to a third party that the indemnification agreement may be triggered." Ibid. "[U]nder a contract of indemnity, 'the promissor

11

undertakes to protect the promissee against loss or liability to a third person . . . .'" Feigenbaum v. Guaracini, 402 N.J. Super. 7, 18 (App. Div. 2008) (quoting Fengya v. Fengya, 156 N.J. Super. 340, 345 (App. Div. 1978)).

"An intention to indemnify against [a] certain loss or liability must be expressed in such clear and unequivocal terms that no other meaning can be ascribed to the language." 42 C.J.S. Indemnity § 6. Courts in other jurisdictions "have generally declined to infer indemnification obligations arising from an indemnitee/indemnitor suit if the contractual language does not expressly refer to or explicitly contemplate such circumstances and the context does not suggest that the contracting parties were specifically concerned with prospective litigation between themselves." Luna v. Am. Airlines, 769 F. Supp. 2d 231, 244 (S.D.N.Y. 2011).

Here, the judge never addressed whether the indemnification provision covered the Association's first-party claim against plaintiffs. The judge found the indemnification provision enforceable without addressing the case law limiting indemnity contracts to a promise to protect the promisee against loss or liability to a third person. Feigenbaum, 402 N.J. Super. at 18.

Even in cases where a party may be entitled to indemnification, fees incurred in enforcing an indemnification contract may not be recoverable absent

express language allowing such fees. See Simko v. C & C Marine Maint. Co., 594 F.2d 960, 969 (3d Cir. 1979) (remanding for the court to consider separately fees incurred in defense of an action and fees incurred in enforcing the right to indemnification). The courts of several states hold that absent a specific contractual provision allowing for the recovery of attorney's fees in establishing the right to an indemnity, such fees cannot be recovered. See Nova Rsch., Inc. v. Penske Truck Leasing Co., 405 Md. 435, 447 (2008); Klock v. Grosodonia, 674 N.Y.S.2d 187, 188 (4th Dep't 1998); Tack's Steel Corp. v. ARC Const. Co., 821 N.E.2d 883, 889 (Ind. Ct. App. 2005); Pennant Serv. Co., Inc. v. True Oil Co., LLC, 249 P.3d 698, 710-11 (Wyo. 2011); Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc., 597 F. Supp. 2d 842, 845 (E.D. Wis. 2009) (applying Michigan law). See also 42 C.J.S. Indemnity § 24 (stating that unless "specifically provided for by contract," the availability of attorney's fees "is limited to defense of the claim indemnified against, and no recovery can be had for attorney's services and expenses incurred in establishing the right to indemnity.").

Viewing the record in the light most favorable to the Association, we are satisfied there is a genuine issue of material fact as to whether the language in the indemnification clause contemplated recovery of attorney's fees in a first-

13

party claim between the Association and plaintiffs. The scope of the indemnification provision is a fact-sensitive question, and its interpretation turns on the intention of the parties. Here, the parties dispute the intent of the indemnification provision and whether the clause covers a first-party action between the Association and plaintiffs or is limited to a third-party action against plaintiffs. Under these circumstances, the judge improvidently granted summary judgment in favor of plaintiffs.

We next consider the Association's claim the motion judge erred in granting summary judgment without discovery. Generally, where discovery is incomplete, summary judgment is inappropriate, at least where it is clear that one of the parties seeks discovery. See Crippen v. Cent. Jersey Concrete Pipe Co., 176 N.J. 397, 409 (2003). We review discovery matters for abuse of discretion. Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79 (2017).

In directing a remand in the prior appeal, we stated the trial court should allow the parties to "engage in any discovery that may be necessary to adjudicate the matter on the merits." During oral argument on the motion, the Association's counsel stated the parties conducted only "limited discovery" because they were awaiting a decision from the motion judge on previously filed motions. Based

14

on the absence of discovery contemplated by the Association, the judge prematurely granted summary judgment in favor of plaintiffs.

Moreover, the Association was entitled to discovery on its counterclaim against plaintiffs. However, because the case was marked as disposed on the court's automated case management system after the judge granted summary judgment on plaintiffs' claims, any discovery requests related to the Association's counterclaim were rendered moot. Having reviewed the record and the language in our prior opinion, the judge should have allowed more fulsome discovery before deciding plaintiffs' summary judgment motion. We are satisfied the judge abused her discretion in awarding summary judgment based on the limited exchange of discovery.

We take no position on the remanded issues and the assigned judge should consider the matters anew. Additionally, the judge should allow discovery as directed in our remand instruction on the prior appeal. Similarly, the judge should address whether the Association intends to pursue its counterclaim as that claim was never addressed by the motion judge after the case was marked "disposed" without an adjudication of the counterclaim or the Association's voluntary dismissal of that claim.

Based on our remand, we decline to address the issue of attorney's fees.

A-4086-19

The issue must await the trial court's determination regarding plaintiffs' entitlement to recover attorney's fees under the indemnification provision. In the event there is a request for attorney's fees in the future, the judge should address the reasonableness of the requested fees as contractual damages under the bylaws' indemnification provision consistent with governing case law[1] and Rule of Professional Conduct 1.5(a). In addition, the judge should explain, with the requisite specificity, his or her calculation of any awarded counsel fees.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] In determining reasonableness of a fee request, a judge should consider "the hourly rate of 'the prevailing attorney in comparison to rates for similar services by lawyers of reasonably comparable skill, experience, and reputation' in the community.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 387 (2009) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)). While there is no precise formula for the reasonableness analysis, "[t]he ultimate goal is to approve a reasonable attorney's fee that is not excessive." Id. at 388.

A-4086-19